# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DREW DRAGON,** : | |
| 513 Stockbridge Rd. : | |
| Columbus, OH 43207 : | Case No.: 2:21-cv-3892 |
| : | |
| **Plaintiff, for himself and all others** : | JUDGE |
| **similarly situated,** : | |
| : | MAGISTRATE JUDGE |
| vs. : | |
| : | |
| **UNIVERSAL WINDOWS DIRECT, LLC,** : | **Jury Demand Endorsed Hereon** |
| c/o Registered Agent: TE Agent Corp. : | |
| 950 Main Ave., Suite 1100 : | |
| Cleveland, OH 44113 : | |
| : | |
| **Defendant.** : | |

## COLLECTIVE & CLASS ACTION COMPLAINT

NOW COMES Plaintiff Drew Dragon ("Plaintiff"), on behalf of himself and all others similarly situated, and proffers this Collective & Class Action Complaint for damages against Defendant Universal Windows Direct, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act., R.C. Chapter 4111.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Drew Dragon is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Franklin County, Ohio.

6. At all times relevant herein, the Plaintiff was an "employee" of Defendant's as that term is defined in the FLSA and R.C. Chapter 4111.

7. Defendant Universal Windows Direct, LLC is a domestic Limited Liability Company registered to do business in Ohio and conducting business throughout Ohio.

8. At all times relevant herein, Defendant has been an "employer" as that term is defined by the FLSA and R.C. Chapter 4111.

9. At all times relevant herein, Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constitutes an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.00.

10. Upon information and belief, at all times relevant herein, Defendant was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

11. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime compensation under the FLSA. The consent is filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

12. Defendant is in the business of providing home improvement products and services, including replacement windows, doors, roofing, and house siding.

13. Defendant's headquarters is located at 24801 Rockside Road in Bedford Heights, Ohio.

14. Defendant has several additional locations, including in Columbus, OH; Charlotte, NC; Indianapolis, IN; St. Louis, MO; Louisville, KY; Pittsburg, PA; Chicago, IL; Milwaukee, WI; and Louisville, KY; among others.

15. Defendant employs a team of Technicians, including Measure Technicians, Service Technicians, Field Technicians, and Apprentice Technicians at its store locations.

16. Measure Technicians, Service Technicians, Field Technicians, and Apprentice Technicians report to the Director of Field Operations and are paid on a salary basis.

17. Upon information and belief, Measure Technicians, Service Technicians, Field Technicians, and Apprentice Technicians are paid on a salary basis.

18. Upon information and belief, Defendant employ more than 30 total Technicians at any given time.

19. Plaintiff was employed with Defendant between June 22, 2020 and March 3, 2021 in the position of Measure Technician at Defendant's Columbus, Ohio location.

20. Throughout his employment, Plaintiff reported to the Director of Field Operations, Todd Maynard.

21. Plaintiff worked an average of 50-55 hours per week.

22. Plaintiff was classified as a salary exempt employee and received an annual salary of $52,000.

23. Measure Technicians' primary job duty is to measure windows and doors in Defendant's clients' homes.

24. When a client placed an order with one of Defendant's sales representatives, Measure Technicians are responsible for completing the measurements on site. Measure Technicians then provide the measurements by email to the procurement coordinator, who is responsible for ordering the materials.

25. Measure Technicians occasionally performed the job duties of Service Technicians, including taking service calls, during which the Measure Technician completed repairs of broken windows or doors in clients' homes.

26. Additionally, Measure Technicians assisted with unloading materials from trucks in Defendant's warehouse.

27. Service Technicians' primary job duty is to take service calls and complete repairs of customers' products, including, for example, screen installation, glass replacement, hardware replacement, and seal repairs. Service Technicians are also required to perform post-installation inspections.

28. Field Technicians' primary job duty is to take service calls and complete repairs of customers' products. Field Technicians also measure windows and doors in clients' home, as well as perform post-installation inspections.

29. Apprentice Technicians are engaged in the hands-on learning of the skillset to become a Field Technician.

30. The primary job duties of Measure Technicians, Service Technicians, Field Technicians, and Apprentice Technicians' (hereinafter referred to collectively as "Technicians") do not involve office work.

31. Technicians' primary job duty does not include the exercise of discretion and independent judgment.

32. Technicians' primary job duty does not involve supervising or directing the work of any other employees.

33. Defendant classifies its Technicians as exempt employees and pays Technicians on a salary basis.

34. Technicians regularly work more than 40 hours per workweek. However, they do not receive overtime compensation for hours worked in excess of 40.

35. Defendant's Director of Field Operation holds a monthly virtual team meeting with all Measure Technicians. During his employment, Plaintiff participated in these virtual meetings.

36. During the meeting, Measure Technicians often complained about working long hours outside of their scheduled shifts without additional compensation.

37. Measure Technicians were told that they are salary employees, so they are expected to work the hours necessary to complete the job.

38. Because they are misclassified as salary exempt employees, Technicians regularly work more than 40 hours per week, but they are not paid an overtime premium for hours worked in excess of 40 hours per week.

**FIRST CAUSE OF ACTION**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime**

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. Plaintiff brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> **All current and former Technicians employed by Defendant during the 3 years prior to the date of filing this Complaint through the date of conditional certification, who were paid on a salary basis and did not receive overtime compensation for hours worked in excess of 40 per workweek.**

41. Upon information and belief, in the three years prior to the date of filing this Complaint, Defendant has employed more than 50 Technicians. These other Technicians are similarly situated to Plaintiff and are referred to herein as Similarly Situated Persons or "SSPs".

42. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all Technicians employed by Defendant, and he is acting on behalf of their interests as well as his own in bringing this action.

43. The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

44. Plaintiff and the SSPs are paid on a salary basis.

45. Plaintiff and the SSPs are misclassified as salary-exempt employees.

46. Plaintiff and the SSPs are not exempt from the overtime requirements of the FLSA.

47. Plaintiff and the SSPs are not paid an overtime premium for all hours worked over 40 in a workweek.

48. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per week, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

49. Defendant knew or should have known that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

50. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiff and the SSPs have been damaged.

## SECOND CAUSE OF ACTION
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, et seq. - Failure to Pay Overtime

51. All of the preceding paragraphs are realleged as if fully rewritten herein.

52. Named Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("MFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former Technicians employed by Defendant in Ohio during the 2 years prior to the date of filing this Complaint through the date of class certification, who were paid on a salary basis and did not receive overtime compensation for hours worked in excess of 40 per workweek. (hereinafter referred to as the "Rule 23 Class")**

53. Named Plaintiff and the other Rule 23 Class members are paid on a salary basis.

54. Named Plaintiff and the other Rule 23 Class members are misclassified as salary-exempt employees.

55. Named Plaintiff and the other Rule 23 Class members are not exempt from the overtime requirements of the OMFWSA.

56. Named Plaintiff and the other Rule 23 Class members are not paid an overtime premium for all hours worked over 40 in a workweek.

57. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. Upon information and belief, the Rule 23 Class consists of more than 40 current and former hourly Technicians.

58. Named Plaintiff is a member of the Rule 23 Class and his claim for unpaid overtime wages is typical of the claims of other members of the Class.

59. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

60. Named Plaintiff has no interest antagonistic to or in conflict with interests of the Class that he undertakes to represent.

61. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

62. Questions of law and fact are common to the class, including:

    a. Whether Defendant violated the OMFWSA by misclassifying its Technicians as salary-exempt employees and paying them on a salary basis;

    b. Whether Defendnat violated the OMFWSA by failing to compensate, at an overtime premium, Technicians for all hours worked in a workweek in excess of 40.

    c. Whether Defendant established its payroll policy, knowing the policy violated the law and failed to properly compensate Technicians for all hours worked in a workweek in excess of 40 at an overtime premium;

    d. Whether Defendant's violations were knowing and willful;

    e.  What amount of unpaid overtime compensation is owed to Named Plaintiff and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

    f.  What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

  63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

  64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

  65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

  66. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Named Plaintiff and his counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim.  Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their unpaid employees.  Certification of this

case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

67. For Defendant's violation of O.R.C. 4111, Named Plaintiff is entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiff and his counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiff and all other members of the FLSA Class the total amount of damages to which Named Plaintiff and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Named Plaintiff as the Rule 23 Class Representative, enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiff and all other members of the Rule 23 Class the total amount of damages to which Named Plaintiff and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration

of the common fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Carrie J. Dyer*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com)*
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Kyle T. Anderson (0097806)
(*Kyle@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Carrie J. Dyer*
Carrie J. Dyer (0090539)